UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOVE ALMOS,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFERY CRUTHERS,<br><br>    Defendant. | Civ. Action No. 22-5636 (JXN)(ESK)<br><br>**OPINION** |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Love Almos's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants leave to proceed in this Court without prepayment of fees and orders the Clerk of the Court to file the Complaint.

The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

I.  **BACKGROUND**

The Court construes the factual allegations of the Complaint as true for the purposes of this screening only. On or about September 20, 2022, Plaintiff, a civil detainee confined at the Special Treatment Unit ("STU"), in Avenel, New Jersey, filed his Complaint in this matter. (*See* ECF No. 1.) The sole Defendant named in the Complaint is Assistant Administrator Jeffery Cruthers. (ECF No. 1 at 1, 4.) As best the Court can construe, Plaintiff alleges that he was assaulted, and Defendant Cruthers is liable as the Assistant Administrator. (*See* ECF No. 1 at 4; *see also* ECF No. 1-2 at 5.)

The pertinent factual allegations that Plaintiff has asserted in support of his claims are as follows. On August 11, 2022, "SAGE"[1] entered the South Unit of the STU to conduct a "mass search" with about fifty to sixty "SAGE/SID[2] Officers." (ECF No. 1-2 at 1.) The Officers were aggressive and used intimidation tactics. (*Id.*) Plaintiff complied with the Officers use of force. (*Id.*) All of the individuals housed on the third floor, including Plaintiff, were instructed to put their hands on top of their heads, walk down the stairs, and get on their knees. (*Id.*) They were then instructed to place their elbows on the shoulders of the man kneeling in front of them. (*Id.*)

Plaintiff alleges that "at some point a comm[o]tion took place on the third floor between another resident and SAGE/SID which caused some residents in the rows [Plaintiff] was in to say 'Y'all can [not] treat us like this[,] this is a mental facility and Y'all are [threatening] to do harm to us.'" (*Id.*) In an effort to get to the residents who were saying this was wrong, the SAGE/SID Officers "rushed the entire crowd" knocking Plaintiff and other residents over. (*Id.*) Plaintiff claims that he was knocked on top of one of the residents the SAGE Officers were attempting to reach. (*Id.*) Plaintiff was then "repeatedly punched in the ribs by a SAGE Officer wearing the olive green

---

[1] The Complaint refers to "SAGE" without indicating what SAGE stands for or what SAGE is. (*See generally* ECF 1-2.)
[2] The Complaint refers to "SID" without indicating was SID stands for or what SID is. (*See generally* ECF No. 1-2.)

2

tactical gear. (*Id.*) Plaintiff alleges that as the Officer was punching him, the Officer said "move I am [trying] to get him." (*Id.* at 1-2.)

Plaintiff claims that after a couple of minutes everyone was back up on their knees and the couple of residents that the SAGE Officers were "after" were escorted off. (*Id.* at 2.) The Officer who punched Plaintiff, asked him if they were going to have a problem. (*Id.*) Plaintiff asked why the Officer would say that to him when Plaintiff was complying. (*Id.*) The Officer covered his name tag. (*Id.*)

Once the SAGE/SID Officers left the facility, Plaintiff told Unit Officers "C/O Walker and C/O V" that he needed medical attention for his ribs. (*Id.*) Plaintiff alleges that Officer Maurtie came to Plaintiff's room and radioed Lieutenant Starks to come look at the bruising and torn skin on Plaintiff's ribs. (*Id.* at 3.) Plaintiff informed Lieutenant Starks what happened and showed him his ribs. (*Id.*) Plaintiff was then escorted to medical and was seen by the night nurse. (*Id.*) Plaintiff alleges that Lieutenant Starks gave him a complaint form to complete and took him to an interview room where his injuries were photographed. (*Id.*)

On August 12, 2022, Plaintiff was escorted to the medical department. (*Id.*) Dr. Cunnelly examined Plaintiff and opined that Plaintiff's "right rib cage looks to be bruised as a result of [repeated] blunt trauma [with] marks that appear to have come from being punched." (*Id.* at 4.) Thereafter, Plaintiff was scheduled for an X-Ray and was given Acetaminophen. (*Id.*)

Plaintiff alleges that there was previously an incident where a resident was assaulted. (*Id.* at 5.) Plaintiff claims that the resident filed a Complaint and the United States District Court "gra[n]ted" his case and "order[ed] that SAGE is not allowed to come back to STU." (*Id.*) Plaintiff further claims that Assistant Administrator Jeffery Cruther ordered SAGE to come to the building,

3

violating the order from the United States District Court. (*Id.*) As a result, Plaintiff initiated this action seeking monetary damages.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro

se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

In the Complaint, Plaintiff alleges that Defendant Cruthers is liable to him under 42 U.S.C. § 1983 under the theory of supervisor liability. (*See generally* ECF Nos. 1 and 1-2.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege a claim for relief against Defendant Cruthers.

### A. Failure to State a Claim

#### *1. Supervisory Liability Claim*

The Court construes Plaintiff's Complaint as asserting a supervisory liability claim against Defendant Cruthers. Plaintiff alleges that Defendant Cruthers is the Assistant Administrator of the STU and that he allowed SAGE to enter STU in violation of a court order, which lead to Plaintiff being assaulted. (ECF No. 1 at 4; ECF No. 1-2 at 5.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to

6

that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff does not allege that he was assaulted because Defendant Cruthers established a policy, practice, or custom. Nor does he allege that Defendant Cruthers participated in the assault, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the alleged assault on Plaintiff. Aside from the vague accusation that Defendant Cruthers disregarded an alleged court order in allowing SAGE to enter the STU, the Complaint does not contain sufficient factual matter against Defendant Cruthers. *See Twonbly*, 550 U.S. at 555 (finding Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.) Accordingly, the claim against Defendant Cruthers is dismissed without prejudice for failure to state a claim.

### IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice.[3] The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated:

**Date:** September 26, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

7