**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LOVE ALMOS,

                   Plaintiff,

      v.

JEFFERY CRUTHERS,

                   Defendant.

Civ. Action No. 22-5636 (JXN)(ESK)

**OPINION**

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Love Almos' ("Plaintiff") motion for reconsideration of this Court's Opinion and Order dismissing Plaintiff's civil right Complaint ("Complaint"), which was filed pursuant to 42 U.S.C. § 1983. (ECF No. 4.) The Court previously reviewed Plaintiff's civil rights claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismissed the Complaint without prejudice for failure to state a claim. (*See* ECF Nos. 2, 3.) For the reasons stated herein, Plaintiff's motion for reconsideration is denied.

## I.     BACKGROUND

In September 2022, Plaintiff, a civil detainee confined at the Special Treatment Unit ("STU"), in Avenel, New Jersey, filed the underlying Complaint in this matter. (*See* ECF No. 1.) The sole Defendant named in the Complaint is Assistant Administrator Jeffery Cruthers. (ECF No. 1 at 1, 4.) This Court laid out the factual underpinnings of Plaintiff's Complaint in its previous Opinion as follows:

On August 11, 2022, "SAGE"[1] entered the South Unit of the STU to conduct a "mass search" with about fifty to sixty "SAGE/SID[2] Officers." (ECF No. 1-2 at 1.) The Officers were aggressive and used intimidation tactics. (*Id.*) Plaintiff complied with the Officers use of force. (*Id.*) All of the individuals housed on the third floor, including Plaintiff, were instructed to put their hands on top of their heads, walk down the stairs, and get on their knees. (*Id.*) They were then instructed to place their elbows on the shoulders of the man kneeling in front of them. (*Id.*)

Plaintiff alleges that "at some point a comm[o]tion took place on the third floor between another resident and SAGE/SID which caused some residents in the rows [Plaintiff] was in to say 'Y'all can [not] treat us like this[,] this is a mental facility and Y'all are [threatening] to do harm to us.'" (*Id.*) In an effort to get to the residents who were saying this was wrong, the SAGE/SID Officers "rushed the entire crowd" knocking Plaintiff and other residents over. (*Id.*) Plaintiff claims that he was knocked on top of one of the residents the SAGE Officers were attempting to reach. (*Id.*) Plaintiff was then "repeatedly punched in the ribs by a SAGE Officer wearing the olive green tactical gear." (*Id.*) Plaintiff alleges that as the Officer was punching him, the Officer said "move I am [trying] to get him." (*Id.* at 1-2.)

Plaintiff claims that after a couple of minutes everyone was back up on their knees and the couple of residents that the SAGE Officers were "after" were escorted off. (*Id.* at 2.) The Officer who punched Plaintiff, asked him if they were going to have a problem. (*Id.*) Plaintiff asked why the Officer would say that to him when Plaintiff was complying. (*Id.*) The Officer covered his name tag. (*Id.*)

Once the SAGE/SID Officers left the facility, Plaintiff told Unit Officers "C/O Walker and C/O V" that he needed medical attention for his ribs. (*Id.*) Plaintiff alleges that Officer Maurtie came to Plaintiff's room and radioed Lieutenant Starks to come look at the bruising and torn skin on Plaintiff's ribs. (*Id.* at 3.) Plaintiff informed Lieutenant Starks what happened and showed him his ribs. (*Id.*) Plaintiff was then escorted to medical and was seen by the night nurse. (*Id.*) Plaintiff alleges that Lieutenant Starks gave him a complaint form to complete and took him to an interview room where his injuries were photographed. (*Id.*)

---

[1] The Complaint refers to "SAGE" without indicating what SAGE stands for or what SAGE is. (*See generally* ECF 1-2.)
[2] The Complaint refers to "SID" without indicating was SID stands for or what SID is. (*See generally* ECF No. 1-2.)

On August 12, 2022, Plaintiff was escorted to the medical department. (*Id.*) Dr. Cunnelly examined Plaintiff and opined Plaintiff's "right rib cage looks to be bruised as a result of [repeated] blunt trauma [with] marks that appear to have come from being punched." (*Id.* at 4.) Thereafter, Plaintiff was scheduled for an X-Ray and was given Acetaminophen. (*Id.*)

Plaintiff alleges that there was previously an incident where a resident was assaulted. (*Id.* at 5.) Plaintiff claims that the resident filed a Complaint and the United States District Court "gra[n]ted" his case and "order[ed] that SAGE is not allowed to come back to STU." (*Id.*) Plaintiff further claims that Assistant Administrator Jeffery Cruther ordered SAGE to come to the building, violating the order from the United States District Court. (*Id.*)

(ECF No. 2 at 2-4.) The Court construed the Complaint to allege that Plaintiff was assaulted, and Defendant Cruthers was liable as the Assistant Administrator under the theory of supervisor liability. (*See id.* at 6.)

In September 2022, the Court dismissed Plaintiff's supervisor liability claim at screening due to Plaintiff's failure to state a claim upon which relief can be granted. (*See generally id.*) In dismissing Plaintiff's claim, the Court explained "that Plaintiff [did] not allege that he was assaulted because Defendant Cruthers established a policy, practice, or custom. Nor [did] he allege that Defendant Cruthers participated in the assault, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the alleged assault on Plaintiff." (ECF No. 2 at 6-7.) Based on these reasons, the Court held that the Complaint did not contain sufficient factual matter against Defendant Cruthers and dismissed the Complaint without prejudice for failure to state a claim. (*See id.*)

On October 21, 2022, Petitioner filed the instant motion for reconsideration, seeking relief from the Court's Opinion and Order dismissing the Complaint without prejudice. (ECF No. 4.)

## II.     STANDARD OF REVIEW

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).

## III.     DISCUSSION

Here, Plaintiff has not provided sufficient new information to warrant the Court's reconsideration of its prior Opinion and Order. In his motion, Plaintiff reiterates the same allegations that he submitted in the Complaint. (*See* ECF No. 4 at 2-4.) Plaintiff attaches to his motion for reconsideration medical records indicating that he had bruising of his ribs following the incident discussed above. (*See id.* at 7-23.) The Court construes the submission of the medical records as Plaintiff seeking reconsideration based on "new evidence." As explained above, Plaintiff alleged in the Complaint that the medical staff examined Plaintiff and opined Plaintiff's

rib looked bruised and Plaintiff was scheduled for an X-Ray and given Acetaminophen. (ECF No. 1 at 4.) The medical records provided here are repetitive of information already alleged in the Complaint and are not new evidence.

The Court dismissed Plaintiff's Complaint based on Plaintiff's failure to state a supervisor liability claim. Plaintiff has neither presented an intervening change in law regarding supervisor liability nor provided the Court with newly discovered evidence regarding his supervisor liability claim against Defendant Cruthers. Accordingly, he has not shown any basis for an award of the "extraordinary remedy" of reconsideration. *See Buzz Bee Toys*, 20 F. Supp. 3d at 515. Plaintiff's motion for reconsideration of the dismissal of his Complaint is denied.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. Considering Petitioner's *pro se* status, the Court shall give Petitioner an additional thirty days to file an amended complaint if he can cure the deficiencies discussed in the Court's September 26, 2022 Opinion. An appropriate Order follows.


s/ Julien Xavier Neals
DATED: February 6, 2023                    **JULIEN XAVIER NEALS**
United States District Judge